# JacksonLewis

Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, NY  10017
Tel 212-545-4000
Fax 212-972-3213
jacksonlewis.com

January 11, 2022

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re:   **Pontius Ebel v. G/O Media, Inc. et al.**
      **Case No.  20-cv-07483**

Dear Judge Engelmayer:

This firm represents the Defendants in connection with the above-referenced matter. We write pursuant to Rule 4(B) of Your Honor's Individual Practices to request permission to file certain documents entirely under seal in connection with Defendants' Motion for Summary Judgment.  We have conferred with Plaintiff's counsel, who does not object to this request. However, Plaintiff is not conceding that any of the below documents are privileged or otherwise confidential.

Documents Defendants Request to File Completely Under Seal

We enclose for the Court's consideration a copy of the documents we request to file completely under seal, attached hereto as Exhibit "A."   These documents include:

- Deposition Transcript of Katherine Ebel Pontius, in *Jarrard v. G/O Media, et al*, 19-cv-09557 (C.D. Cal. 2019), dated November 12, 2020, produced during discovery as Bates Number D002705-002901;

- Deposition Transcript of Michael McAvoy in *Jarrard v. G/O Media, et al*, 19-cv-09557 (C.D. Cal. 2019), dated November 12, 2020, produced during discovery as Bates Number D002902-003236;

- Deposition Transcript of Michael McAvoy, in *McAvoy v. G/O Media Inc., et al.,* No. 2019L012149 (Ill. Cir. Ct. Cooks Cty. 2019), dated May 13, 2021, produced during discovery as Bates Number D003237-003301;

- Deposition Transcript of James Spanfeller, in *McAvoy v. G/O Media Inc., et al.,* No. 2019L012149 (Ill. Cir. Ct. Cooks Cty. 2019), dated June 25, 2021, produced during discovery as Bates Number D003302-003371;

- Deposition Transcript of Thomas Callahan, in *McAvoy v. G/O Media Inc., et al.,* No. 2019L012149 (Ill. Cir. Ct. Cooks Cty. 2019), dated June 16, 2021, produced during discovery as Bates Number D003372-003616;

**JacksonLewis**

- Deposition Transcript of Angela Persaud, in *McAvoy v. G/O Media Inc., et al.,* No. 2019L012149 (Ill. Cir. Ct. Cooks Cty. 2019), dated July 7, 2021, produced during discovery as Bates Number D003617-003673;

- Deposition Transcript of Kurt Mueller, in *McAvoy v. G/O Media Inc., et al.,* No. 2019L012149 (Ill. Cir. Ct. Cooks Cty. 2019), dated May 11, 2021, produced during discovery as Bates Number D003674-003709;

- Michael McAvoy's Employment Agreement with the Onion, dated January 15, 2016, produced during discovery as Bates Number D001696-001716;

- Documents relating to Kurt Mueller's employment with the Onion, including but not limited to his Employment Agreement, the negotiation of his resignation and confidential severance agreement, produced during discovery as Bates Number D001382-001388; 001422-001424; 001486-001656; 001726-001834;

- Documents relating to Susie Banikarim's employment with Gizmodo Media Group, including but not limited to her Employment Agreement and confidential severance agreement, produced during discovery as Bates Number D001849-001954;

- Emails produced by Great Hill Partners in response to a subpoena issued by Plaintiff, Bates Numbered GHPE-00001-000273;

- An email from McAvoy's personal email to Plaintiff's personal email, dated July 13, 2019 at 6:59 A.M., forwarding email correspondence between McAvoy, Spanfeller and Callahan dated May 22, 2019 through May 23, 2019, which was produced by Plaintiff during the course of discovery and Bates Stamped KP000249-000260; and

- An email from McAvoy's personal email to Plaintiff's personal email, dated July 13, 2019 at 7:27 A.M., forwarding a privileged and confidential email correspondence between McAvoy and Lynn Oberlander, G/O's then acting General Counsel, dated June 17, 2019, which was produced by Plaintiff during the course of discovery and Bates Stamped KP00001-00003.

Defendants designated these documents as "Confidential" pursuant to the Stipulation and Proposed Protective Order entered by the Court on June 3, 2021. The information sought to be sealed involves (1) confidential information implicating the reputational interests of non-parties; (2) terms of confidential severance agreements; (3) privileged communications; and (4) transcripts from other, unrelated litigations identified above (which are subject to their own respective protective orders have otherwise been maintained as confidential).

**JacksonLewis**

Notwithstanding the presumption of public access to judicial records, documents may be kept under seal if "countervailing factors" in the common law framework or "higher values" so demand.  Lugosch v. Pyramid Co., 435 F.3d 110, 124 (2d Cir. 2006).  In particular, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing.  See Encyclopedia Brown Prods. v. Home Box Office, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

Court have consistently held that information protected by the attorney-client privilege, confidential settlement negotiations and terms, and information infringing the privacy interest of a non-party may all be properly subject to sealing.  See Lugosch, 435 F.3d at 123 (parties have significant interest in protecting documents subject to attorney-client privilege and that interest is sufficient to defeat presumption of public access); Gambale v. Deutsche, 377 F.3d 133, 143 (2d Cir. 2004) (no established presumption of public access with respect to confidential settlement discussions and documents); In re Savitt/Adler Litigation, No. 95-CV-1842 (RSP/DRH), 1997 U.S. Dist. LEXIS 23671, at *3 (N.D.N.Y. Dec. 23, 1997) (non-parties' privacy interests may comprise "a strong factor weighing against disclosure of their identities"); Sperling v. Harman Int'l Indus., Inc., No. CV 10-2415, 2011 U.S. Dist. LEXIS 103455, at *2 (E.D.N.Y. Sept. 14, 2011) ("an employer has an 'interest in maintaining the confidentiality of employee personnel files."); Sterbens v. Sound Shore Med. Ctr., No. 01 Civ. 5980 (SAS) (KNF), 2001 U.S. Dist. LEXIS 19987, at *7-9 (S.D.N.Y. Dec. 5, 2001) (personnel files containing health, financial, and personal data typically viewed as private and therefore subject to protective order preventing disclosure to public); Bolia v. Mercury Print Prods., 02-CV-6510T, 2004 U.S. Dist. LEXIS 22730, at *12 (W.D.N.Y. Oct. 28, 2004) (documents from personnel file of deponent sealed where deponent's privacy rights outweighed public right to access to specific details of prior sexual discrimination complaints).

Accordingly, such material presents the kind of "substantial interests" that the Second Circuit has recognized as overcoming the presumption of public access to judicial documents. Lugosch, 435 F.3d at 123.

Thank you for your consideration of this matter.  Please do not hesitate to contact us should you require any further information.

Respectfully submitted,

JACKSON LEWIS P.C.

_/s/ Wendy J. Mellk_
Wendy J. Mellk

Enclosures

cc:    all counsel (via ECF)

4825-0583-0842, v. 1

Granted.  SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge
January 12, 2022